1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA, and            No. 2:12-cv-1970 KJM KJN
     STATE OF CALIFORNIA, *ex rel.* ELISA
12   MARTINEZ,

13                  Plaintiffs,               ORDER

14          v.

15   QUEST DIAGNOSTICS
     INCORPORATED, et al.,
16
                    Defendants.
17

18

19          The United States, on behalf of itself and the State of California, have requested

20   their fifth extension of time in which to determine whether to intervene in this false claims act

21   stemming from alleged improper billing to Medicare and Medicaid.  Mot., ECF No. 25.  As it has

22   in its prior four extensions, it seeks and additional six months, up to and including March 26,

23   2015.  *Id.*

24          In the order granting the fourth extension, the court said that any further requests

25   by the government for an extension should be accompanied by "a detailed explanation with dates

26   and specific timelines, which will be subject to this court's scrutiny.  The explanation should

27   detail what prejudice will result if the seal is lifted, and why the United States needs to evaluate

28   defendants' respective positions before it can decide whether to intervene."  ECF No. 20 at 2

                                              1

1  (citing *United States. ex. rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190-91 (N.D.
2  Cal. 1997)).

3             The United States has supported this request with the declaration of Assistant
4  United States Attorney Catherine Swann, who describes the steps taken during the last six
5  months, the tasks yet to be completed, and the possibility of informal settlement, which will
6  require consultation with the Office of the Inspector General, Department of Health and Human
7  Services.  Decl. of Catherine Swann, ECF No. 25-1.

8             Congress contemplated a term of 60 days for the United States to determine
9  whether it would intervene in a qui tam action.  31 U.S.C. § 3730(b)(2).  If good cause is shown,
10  a court may grant extensions of time.  *Id*. § 3730(b)(3).  "The 'good cause' requirement of the
11  statute is, therefore, a substantive one, which the government can only satisfy by stating a
12  convincing rationale for continuing the seal."  *Costa*, 955 F. Supp. at 1190.  The government has
13  not satisfied this standard.

14             In its previous order, the court directed the government to provide dates and
15  specific timelines, but the current extension request does not provide that level of detail.
16  Although the declaration outlines additional tasks the government intends to undertake, it says
17  only generally that "the company will need time to analyze" any additional information the
18  government provides.  ECF No. 25-1 ¶ 7.  This level of generality is not a "convincing rationale"
19  for continuing to grant the government's request and thus continuing the seal.  U*nited States ex
20  rel. Martin v. Life Care Ctrs. of Am., Inc*., 912 F. Supp. 2d 618 , 624 (E. D. Tenn. 2012) ("'This
21  practice of conducting one-sided discovery for months or years while the case is under seal was
22  not contemplated by Congress and is not authorized by the [FCA].'") (quoting *Costa*, 955 F.
23  Supp. 2d at 1191) (alteration in original).  In this case it appears the government intends to settle
24  the case under seal while stalling with respect to intervening.  It has not shown this is justified
25  under the False Claims Act.

26  /////
27  /////
28  /////

1          IT IS THEREFORE ORDERED that:

2               1.  The government's fifth motion for an extension of time is denied; and

3               2.  The case is unsealed.

4    DATED:  October 6, 2014.

5

6

7                                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28